Joseph CASTILLO, Petitioner–
Appellant,

v.

Joe WILLIAMS, Warden, Lea County
Correctional Facility; Attorney Gen-
eral for the State of New Mexico, Re-
spondents–Appellees.

No. 01–2052.

United States Court of Appeals,
Tenth Circuit.

July 17, 2001.

Before EBEL, KELLY, and LUCERO,
Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Joseph Castillo, a New Mexico state
prisoner appearing pro se, seeks a certifi-
cate of appealability pursuant to 28 U.S.C.
§ 2253(c) to challenge the district court's
dismissal of his 28 U.S.C. § 2254 petition
for a writ of habeas corpus as time-barred
under 28 U.S.C. § 2244(d).

Federal petitions for habeas corpus gen-
erally must be filed within one year of the
date on which the petitioner's conviction
became final. 28 U.S.C. § 2244(d)(1)(A).
However, the one-year limitations period is
tolled during the time "a properly filed
application for state post-conviction or oth-
er collateral review ... is pending." *Id.*
§ 2244(d)(2). The chronology of Castillo's
conviction, appeal, and post-conviction pro-
ceedings demonstrates the district court
correctly concluded that Castillo's federal
petition was filed after the expiration of
the § 2244(d) limitations period.

Castillo was convicted of first-degree fel-
ony murder in March 1997.[1] On direct
appeal, the New Mexico Supreme Court
affirmed his conviction and issued its man-
date on May 27, 1998. Castillo's conviction
became final ninety days later, on August
25, 1998, at the end of the period for filing
a petition for a writ of certiorari to the
United States Supreme Court. *Locke v.
Saffle*, 237 F.3d 1269, 1273 (10th Cir.2001)
("[A] petitioner's conviction is not final and
the one-year limitation period for filing a
federal habeas petition does not begin to

---

* The case is unanimously ordered submitted
without oral argument pursuant to Fed.
R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G).
This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The Court generally disfavors the citation of

orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir.R. 36.3.

1. Castillo was also convicted of robbery, but
that conviction was later vacated on double
jeopardy grounds.

run until-following a decision by the state court of last resort—'. . . if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (quoting *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir.1999), *cert. denied*, 528 U.S. 1084, 120 S.Ct. 808, 145 L.Ed.2d 681 (2000))). At that point, the § 2244(d) limitations period began to run.

Two hundred fifty-eight days later, on May 10, 1999, Castillo initiated state post-conviction proceedings, which paused—but did not reset—the limitations clock. The state district court denied relief, and the New Mexico Supreme Court denied certiorari review on August 30, 1999. After the denial of his state habeas petition, Castillo had only 107 days remaining to file a federal habeas petition. Castillo, however, did not file the instant federal habeas petition until nearly a full year later, on or about August 30, 2000.[2]

Castillo contends that the limitations period did not begin to run until he had exhausted state court remedies: August 30, 1999, when the New Mexico Supreme Court denied certiorari to review the denial of his state habeas petition. As indicated above, the plain language of § 2244(d) states that the limitations period starts on the day a petitioner's conviction becomes final and is only tolled during the time state post-conviction proceedings are pending. Castillo's state post-conviction proceedings were pending only from May 10 to August 30, 1999—too little time to sufficiently toll the § 2244(d) limitations period to render his federal petition timely.

The application for a certificate of appealability is therefore DENIED, and the appeal is DISMISSED. The mandate shall issue forthwith.

---

2. Castillo's federal petition is file stamped August 30, 2000. However, under the "prisoner mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), Castillo's federal petition is considered filed on the day he gave it to prison officials for mailing. It is not clear from the record exactly when that occurred, but it could have been no earlier than August 23, 2000, the day he signed his § 2254 petition. As is clear from the discussion above, this small discrepancy does not render Castillo's petition timely.